IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BLACKBIRD TECH LLC d/b/a BLACKBIRD TECHNOLOGIES, <br><br> Plaintiff, <br><br> v. <br><br> ELB ELECTRONICS, INC. <br><br> Defendant | C.A. No. 15-cv-056-RGA |
| BLACKBIRD TECH LLC d/b/a BLACKBIRD TECHNOLOGIES, <br><br> Plaintiff, <br> v. <br><br> ETI SOLID STATE LIGHTING, INC., <br><br> Defendant | C.A. No. 15-cv-057-RGA |
| BLACKBIRD TECH LLC d/b/a BLACKBIRD TECHNOLOGIES, <br><br> Plaintiff, <br><br> v. <br><br> FEIT ELECTRIC COMPANY, INC. <br><br> Defendant | C.A. No. 15-cv-058-RGA |

## [PROPOSED] SCHEDULING ORDER

This _15_ day of _Nov_, 2018, the Court having conducted a Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b) following remand of these actions to this Court, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1

1. Discovery.

   a. Discovery Cut Off. All fact discovery in this case shall be initiated so that it will be completed on or before **May 31, 2019**. All expert discovery in this case shall be initiated so that it will be completed on or before **September 27, 2019**.

      i. Absent a showing of good cause, follow-up discovery shall be limited to a term of 6 years before the filing of the complaint, except that discovery related to asserted prior art or the conception and reduction to practice of the inventions claimed in any patent-in-suit shall not be so limited.

   b. Document Production. Document production shall be substantially complete by **February 1, 2019**.

   c. Requests for Admission.

   A maximum of **50** requests for admission are permitted for each party. Requests for admission to authenticate documents shall not count towards this maximum.

   d. Interrogatories.

   A maximum of **25** interrogatories, including contention interrogatories, are permitted for each party.

   e. Depositions.

      i. Limitation on Hours for Deposition Discovery.

   Plaintiff shall be limited to a total of **21 hours of each Defendant, and Defendants collectively shall be limited to a total of 70 hours of Plaintiff**. Notwithstanding the foregoing, Defendants may also collectively depose each inventor of the asserted patent for up to 10 hours. The foregoing limitations do not apply to depositions of experts or third parties and are made

2

without prejudice to the right of Plaintiff or any Defendant to request additional hours from the Court for good cause shown.

        ii.      <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

        f.      <u>Discovery Matters and Disputes Relating to Protective Orders</u>. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than forty-eight hours prior to the conference/argument, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than twenty-four hours prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one hour of e-filing the document(s).

If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

2. ~~[DEFENDANTS' PROPOSAL: Defendants' Motion for Summary Judgment of Invalidity under Section 112 shall be served and filed on or before Thursday, December 6, 2018; Plaintiff's Opposition to Defendants' motion shall be served and filed on or before Thursday, December 20, 2018; Defendants' Reply in further support of their motion shall be served and filed on or before Thursday, December 27, 2018.]~~[1]

3. Amended Pleadings. All motions to amend or supplement the pleadings for any reason, including for one or more Defendant to allege inequitable conduct or for Plaintiff to allege willful infringement as to any Defendant, shall be filed on or before **March 1, 2019**.

4. Final Contentions. Plaintiff shall serve its final infringement contentions on or before **April 26, 2019**, and each Defendant shall serve (individually or collectively) its final invalidity contentions on or before **May 10, 2019**.

4. Application to Court for Protective Order. The Protective Order entered on June 10, 2016, shall remain in effect for each of these actions. Should counsel find it will be necessary to apply to the Court for an additional or supplemental protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within thirty days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(f) above.

Any proposed protective order must include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential

---

[1] Plaintiff does not believe an additional early Summary Judgment Motion is appropriate.

4

pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5.  Papers Filed Under Seal. When filing papers under seal, counsel shall deliver to the Clerk an original and one copy of the papers. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

6.  Courtesy Copies. The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

7.  Disclosure of Expert Testimony.

    a.  Expert Reports. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **June 28, 2019**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **July 26, 2019**. Reply expert reports from the party with the initial burden of proof are due on or before **August 16, 2019**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before **September 27, 2019**.

    b.  Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

5

8. Case Dispositive Motions. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **October 25, 2019**. Answering briefs shall be filed on or before **November 22, 2019**, and reply briefs on or before **December 13, 2019**. No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court.

9. Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

10. Trial Scheduling Conference. On **February 14, 2020 at 9:00 AM**, the Court shall hold a trial scheduling conference to determine the order of trials. The parties shall submit a status report with their proposals one week in advance of the conference.

11. Pretrial Conference. On **May TBD, 2020 at ___** the Court will hold a Rule 16(e) final pretrial conference in Court with counsel. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5:00 p.m. on the fifth business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

12. Motions *in Limine*. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one

6

additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

13. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 5:00 p.m. on the third business day before the date of the final pretrial conference. The plaintiff shall submit simultaneously with filing each of the foregoing four documents in Word or WordPerfect format to rga_civil@ded.uscourts.gov.

14. <u>Trial</u>. The first trial in this matter is scheduled for a 5 day jury trial beginning at 9:30 a.m. on **May ___, 2020** [TBD] with the subsequent trial days beginning at 9:30 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

15. <u>ADR Process</u>. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

*[signature]*
UNITED STATES DISTRICT JUDGE