**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BLACKBIRD TECH LLC d/b/a BLACKBIRD TECHNOLOGIES, | |
| Plaintiff, | C.A. No. 15-056-RGA |
| v. | Consolidated Lead Action |
| ELB ELECTRONICS, INC., ET AL. | |
| Defendants. | |
| BLACKBIRD TECH LLC d/b/a BLACKBIRD TECHNOLOGIES, | |
| Plaintiff, | |
| v. | C.A. No. 15-058-RGA |
| FEIT ELECTRIC COMPANY, INC., | |
| Defendant. | |

**PLAINTIFF BLACKBIRD TECHNOLOGIES' MOTION *IN LIMINE* NO. 3**

I.    **MOTION *IN LIMINE* NO. 3: EXCLUSION OF EVIDENCE AND TESTIMONY REGARDING BLACKBIRD'S STANDING OR IMPROPER OWNERSHIP OF THE PATENT-IN-SUIT**

Blackbird moves *in limine* pursuant to FRE 401, 402, and 403 to preclude Defendant from offering argument, evidence, or testimony regarding Blackbird's standing in this case or any improper assignment of the patent-in-suit. This Court has resolved the issue of standing, and thus, any evidence or testimony regarding standing based on a purported improper assignment is irrelevant. Accordingly, any attempt to raise standing or improper ownership during trial would only serve to cast doubt as to whether Blackbird owns the patent-in-suit, which would be highly prejudicial to Plaintiff and confusing to the jury.

In December 2019, Defendant filed a combined motion to dismiss for lack of standing and for summary judgement. (D.I. 125, 126). Regarding its standing motion, Defendant argued that Blackbird does not actually own the '747 patent, and therefore, lacks standing. In particular, Defendant argued that because the inventors first assigned the patent to the "Hess & Nielson Partnership, a corporation of the State of Utah," they could not have later assigned the patent to the company they formed, SAFEexits, Inc. (*Id*. at 17-21). In denying Defendant's motion, the Court found that "[r]egardless of the whether [the inventors] formed a partnership under Utah law, I conclude that the first agreement was void," reasoning that "there was never a corporation with that name," and "the plain language of the contract assigned the patent to an entity that did not exist." (D.I. 158, at 4.) The Court concluded "[g]iven that there is no other dispute about the chain of assignments of this patent, I conclude Plaintiff owns the patent, and Plaintiff has standing to sue." (*Id*.)

The Court's resolution of the standing issue was clear and unequivocal. More, the Court expressly acknowledged there "*was no other dispute about the chain of assignment*," leaving no question about whether there were any factual issues left to be resolved at trial.

Even if a factual issue remained, resolving that factual issue would be for the district court, not the jury. *See DDB Techs., L.L.C. v. MLB Advanced Media, L.P.*, 517 F.3d 1284, 1290–91 (Fed. Cir. 2008) ("The sole jury trial issue in this case concerns whether DDB is entitled to a jury trial on the jurisdictional issue of standing. We hold that it is not."). In *DDB*, the Federal Circuit held that that the standing issue is not for the jury if the jurisdictional facts bearing on standing are not intertwined with the substantive patent law governing the parties' infringement and invalidity contentions. *Id*. Here, there is no overlap between the jurisdictional facts bearing on standing and the elements of the parties' respective claims of infringement and invalidity. Defendant's entire basis for challenging standing and ownership was an alleged faulty assignment based on a non-existent corporation. These facts are not at all relevant to the issues of infringement or invalidity that will be presented at trial. *See*, *e.g.*, *Script Sec. Sols., LLC v. Amazon.com, Inc.*, No. 2:15-CV-1030-WCB, 2016 WL 6433776, at \*4 (E.D. Tex. Oct. 31, 2016) (rejecting Defendant's attempt to have standing resolved by a jury because "[t]his case is not one in which a merits-based issue such as inventorship is inextricably intertwined with the factual questions necessary to resolve the issue of standing. Instead, this case presents the more quotidian question whether the chain of assignments effectively transferred the patent rights to the plaintiff.").

Accordingly, Defendant should be precluded from presenting argument, evidence, or testimony related to Blackbird's lack of standing or any improper ownership of the patent-in-suit.

## II.    PLAINTIFF'S MOTION *IN LIMINE* NO. 3 REGARDING PATENT OWNERSHIP AND STANDING

Plaintiff's third motion *in limine* relies on the Court's decision denying "Defendants' Motion to Dismiss for Lack of Standing and Motion for Summary Judgment" (D.I. 125) ("Feit Electric's Motion"). (*See* D.I. 158, D.I. 159). Feit Electric's Motion identified certain facts and circumstances that Feit Electric understood warranted judgment, as a matter of law, that Plaintiff does not own the patent-in-suit. Specifically, Feit Electric presented evidence that before the named inventors filed the provisional application that ultimately issued as the '747 patent, they executed an agreement assigning the "entire right, title and interest" in their claimed invention and in all "later filed applications claiming priority" to that at priority application, to an entity known as "Hess & Nielson Partnership, a corporation of the State of Utah." As a consequence of that assignment, Feit Electric argued that the named inventors could not later, in their individual capacities, assign rights to the '747 patent, to a different entity that ultimately conveyed its ownership rights to Plaintiff.

In denying Feit Electric's Motion, the Court concluded that "the first agreement to Hess and Nielsen Partnership was void and, therefore, did not abrogate the named inventor's subsequent assignment of rights." (D.I. 158 at 4). In that regard, the Court observed that "[g]iven that there is no other dispute about the chain of assignments of this patent, I conclude that Plaintiff owns the patent and has standing to sue." (*Id.*). Feit Electric respects the Court's decision, but Feit Electric believes that it was in error. Feit Electric thus intends to preserve its right to challenge that decision in post-trial motions or on appeal, and thus, will not seek to raise the issue at trial.

3

### III.  PLAINTIFF'S REPLY: DEFENDANT DOES NOT OPPOSE PLAINTIFF'S MOTION *IN LIMINE* NO. 3

In light of Defendant's representation that it does not intend to raise the issue of patent ownership and standing at trial, the Court should grant Plaintiff's motion *in limine* without restriction.

Dated: December 14, 2020

OF COUNSEL:

Wendy Verlander
wverlander@blackbird-tech.com
Jeffrey Ahdoot
jahdoot@blackbird-tech.com
Matthew C. Berntsen
mberntsen@blackbird-tech.com
Blackbird Tech LLC d/b/a
Blackbird Technologies
One Boston Place, Suite 2600
Boston, MA 02108
617.307.7100

David A. Gerasimow
gerasimow@gerasimowlaw.com
The Law Offices of
 David A. Gerasimow, P.C.
73 W. Monroe St.
Chicago, IL 60603
312.919.4254

STAMOULIS & WEINBLATT LLC

*/s/ Stamatios Stamoulis*
Stamatios Stamoulis #4606
stamoulis@swdelaw.com
Richard C. Weinblatt #5080
weinblatt@swdelaw.com
800 N. West Street, Thrid Floor
Wilmington, DE 19801
Telephone: (302) 999-1540

*Attorneys for Plaintiff*
Blackbird Tech LLC d/b/a
Blackbird Technologies

*/s/  Karen Jacobs*

OF COUNSEL:

John M. Hintz
MAYNARD, COOPER & GALE, P.C.
551 Fifth Avenue, Suite 2000
New York, NY  10176
(646) 609-9280
jhintz@maynardcooper.com

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Karen Jacobs (#2881)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
kjacobs@mnat.com
mflynn@mnat.com

*Attorneys for Defendant Feit Electric Company, Inc.*

5

## CERTIFICATE OF SERVICE

I hereby certify that this document was served via email upon all counsel of record via

ECF on December 14, 2020.

/s/ Stamatios Stamoulis
Stamatios Stamoulis

6