IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BLACKBIRD TECH LLC, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 15-56-RGA |
| | : | Consolidated |
| FEIT ELECTRIC COMPANY, INC., | : | |
| Defendant. | : | |

**RULINGS ON MOTIONS IN LIMINE**

Defendant's MIL No. 1 (D.I. 179). Defendant seeks to preclude evidence relating to undisclosed induced infringement theories.[1] Defendant concentrates on intent. Defendant complains the infringement contentions are deficient on how Plaintiff is going to prove Defendant's knowledge. Plaintiff states that it is going to rely on Defendant's instructions to customers (which theory was disclosed). I do not believe Plaintiff is claiming any induced infringement before this lawsuit was filed. Thus, knowledge of the patent will not be at issue. Intent (including knowledge that what Defendant was instructing its customers to do was to infringe, *see Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1928 (2015)) is decided based on all the evidence. I do not think a motion in limine is a good vehicle for limiting intent evidence. The motion in limine (D.I. 179) is **DENIED**. Defendant is not precluded from objecting at trial if Plaintiff proceeds on undisclosed theories or for any other reason that Defendant thinks is meritorious.

---

[1] There are no remaining claims of direct infringement. (D.I. 158 at 12).

Defendant's MIL No. 2 (D.I. 181). Defendant seeks to exclude reference to the PTAB's decision not to institute an IPR filed by a third party. Plaintiff responds that it does not intend to introduce evidence of that. There is discussion about Defendant's expert, Dr. Bretschneider. He can be cross-examined with any statement he made in the IPR proceeding (just as with any other prior statement he had made), but without reference to the fact that it was made in the IPR proceeding, Defendant may point out that the face of the patent (assuming it is the case, as I do from the briefing) shows that the PTO did not consider the references Hunter and Timmermans before issuing the patent. Plaintiff is prohibited from pointing out that Hunter and Timmermans were in the third-party IPR submission since the only reason the PTAB gave for not instituting the petition had nothing to do with the merits of the two references. (D.I. 181 at 2). Thus, there would be no probative value, and the necessity to explain IPRs and the significance of failure to institute and to bring in PTAB litigation with other parties would constitute a waste of time, and risk confusion of the issues and unfair prejudice to Defendant, which would substantially outweigh any probative value of the evidence. Fed. R. Evid. 403. The motion in limine (D.I. 181) is thus **GRANTED** in part and **DENIED** in part, as set forth above.

Plaintiff's MIL No. 1 (D.I. 183). Plaintiff's motion generally seeks to limit pejorative characterizations of Plaintiff. Defendant agrees that it will not call Plaintiff a "troll," but it says it ought to be able to call it a "patent assertion entity" or a "non-practicing entity." While those terms are less objectionable than "troll," they are also completely unnecessary and will sound like slurs. I think what I said in connection with the *Interdigital* case still stands; Defendant may refer to Plaintiff as Plaintiff, Blackbird, the business, or the company (or possibly other analogous terms), but, without prior permission, Defendant and its witnesses cannot call Plaintiff anything else. (*See* D.I. 183 at 7). Defendant also agrees that it will make no reference to any

other litigation by Plaintiff over any patent other than the one at issue in this case. I take it there will need to be some reference to litigation in connection with settlement agreements involving the patent-in-suit as the experts will discuss the settlement agreements in reference to damages. I also take it that in connection with damages there will be at least some mention that Plaintiff does not practice the asserted claim. Any testimony about not practicing the patent should be presented matter-of-factly and briefly. (Of course, if Defendant thinks Plaintiff's case opens the door to evidence that is otherwise excluded, Defendant ought to bring it up outside the presence of the jury and get a ruling.). Defendant says it ought to be able to cross-examine witnesses about their financial interests in Blackbird. Plaintiff opposes (D.I. 183 at 7 n.2), but a financial interest "in the outcome of the litigation" is very relevant to bias, and, while Plaintiff says there would be "prejudice," the only relevant issue is whether there would be "unfair prejudice." I do not think there would be, and the introduction of such evidence survives the balancing test of Rule 403. The motion (D.I. 183) is **GRANTED** in part and **DENIED** in part, as set forth above.

Plaintiff's MIL No. 2 (D.I. 185). Plaintiff seeks to exclude any evidence from Defendant about any belief that its customers were not infringing. Pretty clearly, certain avenues are not available to Defendant. It is too late for an opinion of counsel (and Defendant says nothing to indicate that it has one). While Defendant says it believes it does not infringe, what it cites for that proposition is its expert's report presenting a technical analysis of why Defendant does not infringe. (D.I. 185 at 5, citing Ex. 4, pp. 45-78 [D.I. 189 at 98-132 of 134]). The expert is a technical expert, not a mind reader, and thus his testimony will not be offered as evidence of Defendant's state of mind. But Mr. Feit, or possibly someone else on Defendant's witness list, will be able to state his contemporaneous beliefs (so long as they are not based on opinions, formal or informal, of counsel), and be subject to cross-examination on them. Plaintiff's cited

discovery requests do not seem to call for any subjective beliefs, and, as Defendant notes, Mr. Feit was deposed. The fact that Defendant offered no evidence of state of mind in connection with its summary judgment motion and request for reargument is irrelevant to the motion in limine. The motion (D.I. 185) is **DENIED**.

Plaintiff's MIL No. 3 (D.I. 187). Plaintiff seeks to exclude evidence from trial in regard to standing and ownership of the patent. Defendant states it is not going to offer such evidence or arguments at trial. The motion (D.I. 187) is **DISMISSED** as moot.

Neither party addresses in the motions in limine one issue that I think needs to be resolved before trial, which is, what are we going to do about the period of time from February 23, 2017 to September 21, 2018, when the case was on appeal pursuant to a ruling I made under which Defendant would not have been an infringer. (*See* D.I. 158 at 16-17; *see also* D.I. 182 at 2, ¶¶ 6-9). *See also TecSec, Inc. v. Adobe Inc.*, 978 F.3d 1278, 1286-89 (Fed. Cir. 2020) (same issue). Perhaps the parties have already thought about this, but, in any event, I request that they be prepared to tell me at the pretrial conference what they intend to do about induced infringement during this time period.

IT IS SO ORDERED this 17th day of December 2020.

/s/ Richard G. Andrews
United States District Judge